Graecen *v.* Allen.

JULIUS A. GRAECEN and WALTER GRAECEN v. WILLIAM L. ALLEN.

The court for the trial of small causes has jurisdiction of an action brought upon a bond, taken by a constable for the appearance of the defendant before the justice on a warrant, if the penalty of the bond is one hundred dollars or under. Such a bond is, in its legal effect, a bail bond, and has been called and treated as such in this court.

If the defendant did not appear according to the condition of the bond, the justice ought to enter judgment for the penalty of the bond, and then require the plaintiff to prove his original cause of action, and enter upon his docket, the sum or balance he finds due to the plaintiff, which sum when execution is issued ought to be endorsed thereon, as a direction to the officer, of the amount to be raised. If nothing is found due, judgment is to be entered for the plaintiff, to the amount of the penalty, and if an execution is demanded, it ought to be endorsed with nominal damages only, and the costs.

This court will not settle disputed facts on certiorari.

The constable is a competent witness in an action brought upon a bond, taken for the appearance of the defendant.

An action was brought by William L. Allen, as assignee of Townsend, King and Company, against Julius A. Graecen and Walter Graecen, in the court for the trial of small causes, on a bond in the penal sum of ninety-nine dollars, conditioned that the said Julius A. Graecen, should appear, &c. to answer to the complaint of William L. Allen, assignee, &c. The justice gave judgment in favor of the plaintiff, for fifty-eight dollars and eighty-five cents of debt, and two dollars and seventy-seven cents of costs. From that judgment the defendants below appealed to the Court of Common Pleas of the county of Somerset. That court affirmed the judgment of the justice with costs. These proceedings are removed into this court by certiorari, and the case was argued upon a state of the case, agreed upon between the parties.

*Hartwell* and *P. D. Vroom,* for plaintiffs in certiorari.

*W. Tomson* and *J. S. Green,* for defendant in certiorari.

The opinion of the court was delivered by

HORNBLOWER, C. J. Before looking into the proceedings in this case, it may be well to settle a question that lies at the foundation of the suit. Can an action on such a bond be maintained in a court for the trial of small causes? The forty-fourth sec-

Graecen *v.* Allen.

tion of the act constituting that court, (*Rev. Laws* 641) enacts, that when a bond for the payment of any sum of money above one hundred dollars, shall by payment or set-off, be reduced to the sum of one hundred dollars or under, then the balance shall be considered the real debt, and shall be recoverable before a justice without regard to the penalty of such bond. In order to give a greater extent to the jurisdiction of a justice, the legislature have in the case of a mere money bond, changed the whole course of the common law; and the justice may render judgment for the sum actually due, if not more than one hundred dollars, without regard to the penalty. In all other cases, the common law remains unaltered; and the judgment in every action upon a bond, of whatever description, must be for the penalty, to stand as security for the real debt due, or the actual damages sustained by the breach of the condition of the bond. The judgment can be entered in no other way. *Roll et al* v. *Maxwell et al*, 2 *South. Rep.* 493. But the bond upon which this action was brought, is not a bond conditioned for the payment of money : it is a bond with a special condition, namely, that Julius A. Graecen shall appear, &c. to answer, &c. If the action is maintainable at all, before a justice of the peace, the judgment ought to have been for the penalty of the bond, which in this case was ninety-nine dollars. But instead of that, the justice, and afterwards the Court of Common Pleas, on the appeal, rendered judgment in favor of the plaintiff for fifty-eight dollars and eighty-five cents of debt with costs.

Upon this ground, therefore, the judgment is erroneous, and must be set aside. The question, however, remains. Can the court for the trial of small causes, hold jurisdiction of an action on such a bond in any case, even if the penalty is only one hundred dollars or under ? Our statute, *Rev. Laws* 305, requiring breaches to be assigned on bonds with special conditions, is a copy of 8 & 9 *Wm. & Mary.* But bail bonds have never been held to be within the provisions of that act. *Moody* v. *Pleasants*, 2 *Bos. & Pul.* 446. And in declaring on a bail bond, the original cause of action is never set out; and the only breach that can be assigned, is the non appearance of the defendant in the original suit. The judgment is always entered for the penalty, and if it is by default, the court, (at least, if the

original action was on matter of contract) assess the sum due; which sum is endorsed on the execution, as a guide to the sheriff. I do not see any reason, why the same proceedings may not be had before a justice. It is true, if the penalty is more than one hundred dollars, he cannot have jurisdiction ; but if the penalty is one hundred dollars, or less, he may enter judgment for the penalty, and then require the plaintiff to prove his original cause of action and enter upon his docket the sum or balance he finds due to the plaintiff; which sum, when execution is issued, ought to he endorsed thereon, as a direction to the officer, of the amount to be raised. If in the action on the bond, the defendant controverts the plaintiff's original cause of action, or disputes the amount claimed by him, the justice may hear the parties, examine their proofs and witnesses, and decide the matter as he would have done had the defendant appeared to the original suit. If, however, he should find nothing actually due to the plaintiff, he must still render judgment for the plaintiff to the amount of the penalty, if the defendant did not appear according to the condition of the bond ; but in that case, the execution, if one is demanded, ought to be endorsed, only with six cents, or other nominal damages, with costs. Such would be the course of proceeding on a bail bond in the superior courts. It is true, this bond is not, what in legal language and in the courts of common law, is known and called by the name of a bail bond. But it is substantially such, it is intended to secure the appearance of the defendant to answer to the demand of the plaintiff; and though that appearance is not to be effected by putting in special bail, as in a common law court but by a personal attendance before the justice, yet it is a bail bond in its legal effect, and has been called and treated as such in this court. *Smalley et al* v. *Vanorden*, 2 *South. Rep*. 811 ; and *Day* v. *Hall*, 7 *Halst. Rep*. 303.

Upon looking into the papers sent up with the certiorari in this cause, the dispute between the parties seems to be whether the defendant, Julius A. Graecen, did or did not appear, according to the condition of the bond; as the judgment of the Common Pleas, must be reversed for the error in the amount of judgment, it is not necessary to settle this dispute : and if it were necessary, I should not feel myself bound to do so ; for

the parties instead of stating a case, and calling upon this court to say whether upon the case stated, there was such an appearance as satisfied the condition of the bond, have sent up to this court a mass of parol testimony; on the one side to prove that he did appear and remained before the justice, till the justice told him he had nothing more to do with it; and on the other, to shew, that he did not appear soon enough, or did not remain long enough. We cannot settle disputed facts on certiorari. I am inclined, however, to think, the evidence proves a sufficient appearance before the justice to satisfy the condition of the bond. Another point made at the bar, was, that the constable was an incompetent witness, on the ground that he was personally liable for not taking the defendant into custody, as soon as he appeared before the justice, if he did so appear. Whether so liable or not, he was a competent witness. It was so decided in the two cases I have just cited. It is true, in the case of *Smalley* v. *Vanorden*, 2 *South. Rep.* 811, Mr. Justice Southard, in delivering the opinion of the court, seems to have given a construction to the act, that would require the constable to retake the defendant into his custody upon the original warrant, and previous to judgment and execution. But that was a point not necessary to be decided in that case ; and when the true construction of that act comes to be a material question in this court, it will receive a proper consideration; in which the opinion already adverted to, will not fail to have its just influence, and be treated with all proper respect.

.The judgment must be reversed.

CITED in *Condi'* v. *Baldwin*, 4 *Harr.* 146; *Scott* v. *Beatty*, 3 *Zab.* 259; *Allen* v. *Hunt, Id.* 377.